█ LEASEWAY-EMPIRE, INC., Appellant-Respondent, v. BYRNES COAL & LUMBER CO., INC., Respondent-Appellant.— Order unanimously affirmed, without costs. Memorandum: These are cross appeals from an order of Supreme Court at Special Term which denied cross motions for summary judgment.

Plaintiff seeks to recover damages to its truck which it had leased to defendant. The damages occurred by reason of a fire at defendant's warehouse where the truck had been housed. Plaintiff's claim is bottomed upon the written agreement between the parties by which defendant took possession of the vehicle. The lease agreement contained a legend on the front side thereof that recited that the defendant-lessee would "comply with all the terms and conditions expressed on both sides of this agreement (ALL OF WHICH TERMS AND CONDITIONS LESSEE, THROUGH HIS AGENT, ACKNOWLEDGES HAVING READ)". The reverse side of the agreement contains 18 clauses consisting of 1,707 words printed in agate type (14 lines to the inch). Paragraph 8 provides that the lessor did not waive its claim for damages occurring by reason of fire. The complaint contained the agreement as the basis for plaintiff's claim. The answer asserted as separate affirmative defenses that the truck was damaged without fault or negligence on the part of the defendant and "That at the time said contract was entered into Plaintiff represented to Defendant that said truck was fully insured with comprehensive insurance, including fire insurance and that therefore Plaintiff is estopped from making any claim against Defendant for damages resulting from said fire". In its affidavit in support of its motion for summary judgment plaintiff alleges that none of its agents was authorized to make the representation as to comprehensive insurance and repeats the allegations of the complaint with reference to the lease agreement. There is no statement or suggestion in the plaintiff's affidavit that defendant's agent had read the entire agreement or that anyone had directed defendant's agent's attention to paragraph 8. A question of fact exists as to whether under the circumstances in the case at bar the language of paragraph 8 was specifically pointed out to the defendant-lessee. We concur with the statement in *Febbraro* v. *Hertz Corp.* (64 Misc 2d 794, 795) that "to believe that the customer has actually read the terms and conditions on the reverse side would be to believe the unbelievable. There is no evidence that such terms and conditions were brought to the customer's attention when he signed at the car rental counter." As was stated in *Egan* v. *Kollsman Instrument Corp.* (21 N Y 2d 160, 169), "In our judgment, a statement which cannot reasonably be deciphered fails of its purpose and function of affording notice". Although the statement on the front side of the agreement with reference to the agent acknowledging that he has read the agreement is in capital letters and substantially larger than the rest of the printing, there is no specific reference anywhere to the restrictive language of paragraph 8 which is "compactly printed and in such very small type as almost to defy readability" (*Febbraro* v. *Hertz Corp., supra*, p. 795). (See, also, *Matter of Allstate Ins. Co. [La Perta]*, 42 A D 2d 104; *Tri-City Renta-Car and Leasing Corp.* v. *Vaillancourt*, 33 A D 2d 613.) The resolution of the issues should not be made on the record before us and should await trial at which the parties will have an opportunity to present evidence to support their respective positions. (Appeals from part of order of Onondaga Special Term denying motions for summary judgment in action to recover for damage to leased vehicle.) Present — Marsh, P. J., Witmer, Moule, Cardamone and Goldman, JJ.